Case 1:25-cv-10033-CM Document 58 Filed 09/15/26 Page 1 of 11

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

DOLCY-PHILIBERT, as Administrator of the Estate of JASON PHILIBERT,

Plaintiff.

- against -

MEGAN HOLBROOK, RN et. al.,

Defendants.

---------------------------------------------------------------- X

No. 25-cv-10033 (CM)

**CONFIDENTIALITY STIPULATION AND PROPOSED ORDER**

WHEREAS the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY STIPULATED, AGREED, and ORDERED that the following restrictions and procedures shall apply to the information, testimony, and documents produced by the Parties, and as appropriate, non-parties, in this action:

1. As used herein, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

2. As used herein, the term Personally Identifying Information ("PII") includes any representation of information that permits the identity of an individual to whom the information applies to be reasonably inferred by either direct or indirect means (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft). PII exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

3. As used herein, the term Confidential Material shall include information, documents, data, portions of discovery materials, if any, including but not limited to deposition

Case 1:25-cv-10033-CM Document 58 Filed 09/15/26 Page 2 of 11

transcripts, interrogatory answers, and responses to requests for admissions, that contains personal, health, financial, or employment information about a party or third parties that is not publicly available and is confidential under state or federal law. Confidential Material shall also include documents produced during discovery by defendants from the records of the New York State Department of Corrections and Community Supervision ("DOCCS") and the information contained therein, the disclosure of which DOCCS reasonably believes would jeopardize correctional or institutional safety, security or good order, or which contain information that is confidential under state or federal law.

4. The Parties may designate documents and witness testimony as Confidential Material by either marking "Confidential" on each page of the document at the time of production or by designating in writing the Bates Stamp numbered pages to be so designated.

5. DOCCS may further designate as "Attorney's Eyes Only" any Confidential Material produced by Defendants or DOCCS in the following categories:

a. Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity, where the contents of those reports may jeopardize the safety or security of a DOCCS facility or office if disclosed to an incarcerated individual in the custody of DOCCS and/or the general public;

b. Directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are not publicly available and are classified as "D" within the meaning of DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

c. DOCCS training materials that are not publicly available and refer to or concern correctional, community supervision or institutional safety, security, or good order; and

d. Any other records, photographs, videos, maps, diagrams or materials that DOCCS believe would compromise the safety or security of a DOCCS facility or

Case 1:25-cv-10033-CM Document 58 Filed 09/15/26 Page 3 of 11

office if disclosed to an incarcerated individual in the custody of DOCCS and/or the general public.

6. Transcripts of depositions taken in this Action, together with any exhibits, will be treated as Confidential Material in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available and/or being provided with such a copy. During that thirty (30) day period, any party may designate as Confidential Material or Attorney's Eyes Only material, consistent with the meaning of what is defined in this Stipulation and Protective Order, specific portions of the transcript, by page and line, together with any deposition exhibits which contain Confidential Material or Attorney's Eyes Only material referred to therein. Such designations must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material. Nothing contained herein shall remove a previous Confidential Material designation from any exhibit mentioned, referenced, marked, identified or otherwise utilized during the deposition.

7. Notwithstanding the treatment as Confidential Material, with respect to personnel records that contain PII concerning any employee of DOCCS, it is understood that the residence addresses, employee insurance information, and Social Security numbers of any employee or other person who has not provided Defendants with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by Defendants or non-parties; further, health care or mental health care records that contain PII concerning any incarcerated individual in the custody of DOCCS or previously in the custody of DOCCS, the disclosure of which would violate federal law or for which Defendants do not have a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by Defendants or non-parties; any party may challenge the redactions on a case-by-case basis pursuant

Case 1:25-cv-10033-CM Document 58 Filed 09/15/26 Page 4 of 11

to the same procedures set forth in paragraph 10 herein for challenging confidentiality designations.

8. An inadvertent failure to designate documents as Confidential Material may be corrected by supplemental written notice given as soon as practicable.

9. To the extent Plaintiff's counsel obtained copies of documents described in Paragraphs 3 or 5 herein prior to the commencement of this action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order.

10. In the event a party challenges another party's or a non-party's designation of Confidential Material or Attorney's Eyes Only material, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. If an application to the Court is made, the Court's procedures for resolving discovery disputes shall be followed. Material designated as Confidential Material and/or Attorney's Eyes Only material shall be treated as such until either the parties agree or the Court rules otherwise. Nothing in this Protective Order constitutes an admission by any party or non-party that Confidential Material or Attorney's Eyes Only material disclosed in this action is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Material or Attorney's Eyes Only material.

11. Confidential Material or Attorney's Eyes Only material produced pursuant to the terms of this Stipulation and Protective Order shall be utilized by the receiving party and their counsel solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

12. Confidential Material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by a Court.

Case 1:25-cv-10033-CM Document 58 Filed 09/15/26 Page 5 of 11

13. As for Confidential Material, counsel for a Party may allow their client to view and inspect Confidential Material as necessary to prosecute this action. However, the individual client (Plaintiff or Defendant) shall not retain copies of Confidential Material.

14. The parties shall not disclose Confidential Material to any person not a party or a member of the staff of the parties' attorneys' offices, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation or presentation of each party's case in this action, or trial of this action, or any appeal thereof.

b. Disclosure before trial may be made only to:

i. An expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for this action;

ii. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

iii. A witness at deposition;

iv. The Court, including court personnel; and

v. Any other person agreed to by the Producing Party.

c. Before any disclosure is made to a person listed in subparagraph (b)(i) above, the party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order and such person shall consent in writing, in the Certification annexed hereto, not to use the Confidential Material for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Material except in testimony taken in this case. The signed consent shall be retained by counsel for the party disclosing the information.

15. If an individual employee of DOCCS in the ordinary course of performing their daily job duties, unrelated to this litigation, discloses records containing any of the Confidential

Case 1:25-cv-10033-CM Document 58 Filed 09/15/26 Page 6 of 11

Material listed in Paragraphs 3 or 5 of this Order, such discovery and/or disclosure shall not be deemed a violation or waiver of this Order.

16. The disclosure of Attorney's Eyes Only material shall be limited to:

a. Attorneys for Plaintiff;
b. Defendants and attorneys for Defendants;
c. An expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for this action;
d. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;
e. The Court, including court personnel; and
f. Any other person agreed to by the Producing Party.

Before any disclosure is made to a person listed in subparagraph (c) above, the party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order and such person shall consent in writing, in the Certification annexed hereto, not to use the Attorney's Eyes Only materials for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Attorney's Eyes Only materials except in testimony taken in this case. The signed consent shall be retained by counsel for the party disclosing the information.

17. Confidential Material or Attorney's Eyes Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over counsel, provided, however, that in the event that counsel intends to produce documents containing Confidential Material or Attorney's Eyes Only material or that contain Confidential Material or Attorney's Eyes Only material obtained from such documents in response to such order, the counsel seeking to disclose the material shall serve notice of such order upon all counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give counsel the opportunity to seek a protective order against such production.

Case 1:25-cv-10033-CM Document 58 Filed 09/15/26 Page 7 of 11

18. Prior to the release or disclosure in any manner of any Confidential Material to any person who is or was an incarcerated individual in the custody of DOCCS, counsel for the party who wishes to engage in the release or disclosure must provide written notice to the Producing Party's counsel five (5) days prior to any such release or disclosure identifying the particular Confidential Material sought to be released or disclosed, in order to provide the Producing Party opportunity to raise any objections to and for the parties to confer about the release or disclosure based on DOCCS' concerns that release or disclosure of the particular Confidential Material may jeopardize correctional or institutional safety, security or good order for DOCCS or any of DOCCS' facilities, after which the Producing Party may object to the release or disclosure pursuant to the same procedures set forth in paragraph 10 herein for challenging confidentiality designations.

19. The Confidential Material or Attorney's Eyes Only material shall not be disclosed in open court without first affording the Producing Party's counsel an opportunity to contest disclosure and/or admissibility of such Confidential Material or Attorney's Eyes Only material.

20. If a Party's attorneys intend to file with the Court any papers that attach, enclose, or contain Confidential Material or Attorney's Eyes Only material (as defined in this Stipulation and Protective Order), and the attorneys for any other Party do not provide consent in writing, the filing Party's attorneys shall request or move the Court to direct that such documents be filed under seal, following the Court's rules, procedures, and practices for making such a request or motion.

21. If any Party or, as appropriate, non-party, intends to disclose Confidential Material during any hearing or trial before the Court, including through argument, filings, or the presentation of evidence, such Party or, as appropriate, non-party, may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Material.

Case 1:25-cv-10033-CM Document 58 Filed 09/15/26 Page 8 of 11

22. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this action, nor is any such disclosure a waiver in any other federal or state proceeding. However, nothing herein shall be deemed to waive the right of the receiving party to dispute the producing party's claim of privilege.

23. This Protective Order will survive the termination of the Action and will continue to be binding upon all persons to whom Confidential Materials or Attorney's Eyes Only material are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall continue to be protected by this Stipulation and Protective Order for all time. Once the Action has been resolved, including all appeals, the Confidential Materials and/or Attorney's Eyes Only materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval, and following the expiration of the applicable statute of limitations for the filing of any legal malpractice claim against the Receiving Party's attorneys, the Receiving Party and their attorneys shall destroy all Confidential Material and/or Attorney's Eyes Only materials in their possession.

24. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified herein.

25. THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER:

> The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

Dated: September 14, 2026

BELDOCK LEVINE & HOFFMAN LLP
/s/ David B. Rankin
David B. Rankin
M. Olivia Clark
99 Park Ave., PH/26th Floor
New York, NY 10016
212-490-0400
drankin@blhny.com
oclark@blhny.com

BLACK LAW PLLC
/s/ Rachel L. Black
Rachel L. Black
14 Wall Street, 4C
New York, NY 10005
610-420-1627
RBlack@Blackfirm.law

*Attorneys for Plaintiff*

Dated: September 15, 2026

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants Desir, Igbe, Little*

By: Linda Fang
Special Litigation Counsel
28 Liberty Street
New York, NY 10005

Case 1:25-cv-10033-CM Document 58 Filed 09/15/26 Page 10 of 11

Dated: September 11, 2026

**CONWAY, DONOVAN & MANLEY, PLLC**

*Ryan T. Donovan*
Ryan T. Donovan, Esq.
*Attorneys for Defendant Anthony Livoti*
50 State Street, 2nd Floor
Albany, New York, 12207
(518) 436-1661
RDonovan@lawcdm.com

Dated: September 14, 2026

**CABANISS CASEY LLP**

David B. Cabaniss
*Attorneys for Defendant*
*Sergeant Michael Sarrubbo*
4 Tower Place, Suite 100
Albany, New York 12203
Telephone: (518) 621-4406
Facsimile: (518) 407-5644
Email: david@cabanisscasey.com

Dated: Garden City, New York
September 14, 2026

HALL BOOTH SMITH, P.C.

JAMES M. MURPHY
Attorneys for Defendant(s), MEGAN HOLBROOK, RN
840 Franklin Avenue
Garden City, New York 11530-7677
(516) 747-4082
jmurphy@hallboothsmith.com

So ordered, this 15 day of September 2026.

Hon. Colleen McMahon

Case 1:25-cv-10033-CM Document 58 Filed 09/15/26 Page 11 of 11

**CERTIFICATION**

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in Dolcy-Philibert v. Holbrook et al., No. 25-cv-10033, currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material, including but not limited to any notes or other transcriptions made of Confidential Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: ______________

______________________________

SIGNATURE

______________________________

PRINT NAME

______________________________

ADDRESS

______________________________

______________________________

TELEPHONE NUMBER